UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:21-cv-62595

HISCOX INSURANCE COMPANY, INC.,

    Plaintiff,

v.

WATFORD SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S NOTICE OF SERVING RESPONSES TO
DEFENDANT'S REQUEST FOR PRODUCTION**

Plaintiff, HISCOX INSURANCE COMPANY, INC., (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to the applicable Florida Rules of Civil Procedure, hereby gives Notice of Serving its Responses to Defendant's Request for Production to Plaintiff.

**GENERAL OBJECTIONS**

In responding to this First Request for Production, it has been assumed that Defendant does not seek information or documents protected by the attorney/client privilege or the work product doctrine and this responding party, by answering this discovery does not waive said privilege.

Plaintiff objects to this First Request for Production as unduly burdensome and oppressive insofar as it seeks information or documents already in Defendant's possession or documents equally available to Defendant.

Plaintiff objects to Defendant's requests to the extent that they seek "any" or "all" information of a particular description or designation.

Plaintiff further objects to Defendant's First Request for Production as overly broad, unduly burdensome and irrelevant to the extent that it, or any portion of it, relates to properties,

claims, and/or policies other than the subject of Plaintiff's lawsuit. To the extent Defendant's First Request for Production exceeds the scope of permissible discovery as heretofore described, Plaintiff objects and will confine its responses as aforesaid.

Further, all requests will be responded to in accordance with the Florida Rules of Civil Procedure.

Finally, neither the failure to specifically mention a general objection in any response nor the specification of any other objection shall be deemed a waiver of any objections to that discovery request.

Without waiving the foregoing objections, Plaintiff responds to Defendant's First Request for Production subject to the following preliminary statement:

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this litigation. These responses represent this responding party's diligent and best efforts to respond to written discovery based on the investigation which this responding party has thus far been able to carry out in connection with the facts relevant to this litigation. There may exist further information responsive to the discovery that is not within this responding party's present knowledge or reasonably available to this party. There may exist documents relating to the subject matter of written discovery which this responding party has not yet located, identified or reviewed, despite its best efforts to do so. There may exist persons with knowledge relating to the subject matter of written discovery of whom this responding party is not presently aware of or of whom this responding party has not yet conducted interviews. Accordingly, these responses are based upon the facts and information now known to this responding party as well as its present analysis of this litigation, and does not constitute an admission or representation that additional facts, documents or witnesses having knowledge

relevant to the subject matter of discovery do not exist.

As this litigation proceeds, this responding party anticipates other facts, documents, or witnesses may be discovered or identified by it. This responding party reserves the right to alter, supplement, amend or otherwise modify these answers, as appropriate, in any way at any time.

Except for the explicit facts stated herein, no incidental admissions are intended hereby. The fact that Defendant responded to any of the requests is not an admission that it accepts or admits the existence of facts set forth or assumed by any request or that such response constitutes admissible evidence. The fact that Defendant answered all or part of any request is not intended and should not be construed to be a waiver of all or any part of any objections to the request.

## RESPONSES AND OBJECTIONS

1. Documents reflecting the settlement of the Underlying Action, specifically including but not limited to any agreement(s) setting forth the amount paid to settle the Underlying Action.

   **RESPONSE: Please see the attached Release, which is only to be referenced within the confines of the instant litigation, and is to be destroyed at the conclusion of this lawsuit.**

2. All documents and communications concerning insurance coverage for the Underlying Action under any policy of insurance, including but not limited to the Hiscox Policy and the Watford Policy.

   **RESPONSE: Please see the attached.**

3. All documents and communications between You and BTRG concerning insurance coverage for the Underlying Action under any policy of insurance, including but not limited to the Hiscox Policy and the Watford Policy.

   **RESPONSE: Objection. Defendant's Request for communications between Hiscox and BTRG regarding coverage matters is not reasonably calculated to lead to the discovery of admissible evidence in this case. The sole issue in this case is whether the Watford Policy covered the underlying claim. Plaintiff contends that the Watford Policy unambiguously covered the underlying claim. However, assuming arguendo that the Watford Policy is ambiguous and demands interpretation by the Court,**

**Defendant's Request is not reasonably calculated to produce any relevant extrinsic evidence to be relied on by the Court in its interpretation.**

4. All documents and communication between You and Plastridge concerning insurance coverage for the Underlying Action under any policy of insurance, including but not limited to the Hiscox Policy and the Watford Policy.

   **RESPONSE: Objection. Defendant's Request for communications between Hiscox and BTRG regarding coverage matters is not reasonably calculated to lead to the discovery of admissible evidence in this case. The sole issue in this case is whether the Watford Policy covered the underlying claim. Plaintiff contends that the Watford Policy unambiguously covered the underlying claim. However, assuming arguendo that the Watford Policy is ambiguous and demands interpretation by the Court, Defendant's Request is not reasonably calculated to produce any relevant extrinsic evidence to be relied on by the Court in its interpretation. Moreover, the requested communication between Hiscox and its Claims Administrator qualifies as protected Work Product.**

5. All documents and communications relating to the marketing and sale of the Hiscox Policy to BTRG.

   **RESPONSE: Objection. Defendant's Request for communications between Hiscox and BTRG regarding coverage matters is not reasonably calculated to lead to the discovery of admissible evidence in this case. The sole issue in this case is whether the Watford Policy covered the underlying claim. Plaintiff contends that the Watford Policy unambiguously covered the underlying claim. However, assuming arguendo that the Watford Policy is ambiguous and demands interpretation by the Court, Defendant's Request is not reasonably calculated to produce any relevant extrinsic evidence to be relied on by the Court in its interpretation.**

6. All insurance policies issued by You to BTRG.

   **RESPONSE: Please see the Policy that was attached to Plaintiff's Complaint. Objection as to any policies not in effect during the relevant time period, as the request for same is not reasonably calculated to lead to the discovery of admissible evidence.**

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on February 4, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and certify that a true and correct copyof the notice has been mailed to counsel so indicated below:

CASE NO: 0:21-cv-62595

Laura Besvinick, Esq.
STROOCK & STROOCK & LAVAN LLP
*Attorneys for Defendant Watford Specialty Ins. Co.*
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone: (305) 358-9900
Facsimile: (305) 789-9302
lbesvinick@stroock.com


**SALEHI BOYER LAVIGNE LOMBANA, P.A.**
/s/ Scott Boyer

**SCOTT BOYER, ESQUIRE**
Fla. Bar No.: 0055460
**TANAZ SALEHI, ESQUIRE**
Fla. Bar No.: 57030
sboyer@salehiboyer.com
tsalehi@salehiboyer.com
pleadings@salehiboyer.com

800 S. Douglas Road, Suite 355
Coral Gables, FL 33134
Telephone: (305) 330-2050